# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | Case No. 2:19-CV-584 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, et al., | |
| Defendant(s). | |

Presently before the court the matter of *U.S. Bank National Association v. Fidelity National Title Insurance Company et al.*, case number 2:19-cv-00584-JCM-NJK. On November 25, 2019, the parties stipulated to stay the instant action pending the Ninth Circuit's decision in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Ninth Cir. case no. 19-17332 (district court case no. 3:19-cv-00241-MMD-WGC) (the "*Wells Fargo II* appeal"). (ECF No. 21). In their stipulation, the parties represented as follows:

> the Parties anticipate that the Ninth Circuit Court of Appeals' decision in the Wells Fargo II Appeal will likely touch upon issues regarding the interpretation of the Form Policy and the reasonableness of the insurer's denial, that could potentially affect the disposition of the other Actions, including the instant action[.]

*Id.* at 2. The court granted the parties' stipulation on December 5, 2019. (ECF No. 22).

Defendant Fidelity National Title Insurance Company's ("Fidelity") motion to dismiss (ECF No. 6) remains pending. The court anticipates—as do the parties—that the Ninth Circuit's decision in the *Wells Fargo II* appeal will control the instant action and, at the very least, significantly impact the pending motion to dismiss. As a result, the court intended to deny the

**James C. Mahan**
**U.S. District Judge**

motion to dismiss without prejudice when it granted the parties' stipulation to stay the case. (ECF No. 22).

However, the court used the parties' signature block to grant the stipulation, so it erroneously omitted its decision to deny that motion without prejudice. The court now corrects its prior order *nunc pro tunc* and denies the pending motion to dismiss without prejudice. Fidelity is instructed to refile its motion after the stay in this case has been lifted and, if appropriate, brief the impact the *Wells Fargo II* appeal has on the instant action.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Fidelity's motion to dismiss (ECF No. 6) be, and the same hereby is, DENIED without prejudice *nunc pro tunc*.

DATED March 12, 2020.

_____
UNITED STATES DISTRICT JUDGE